## J. B. Kilroy, Appellee, v. Margaret T. McGovern and Michael H. McGovern, Appellants.

### Gen. No. 21,861.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed November 14, 1916.

### Statement of the Case.

Action by J. B. Kilroy, plaintiff, against Margaret T. McGovern and Michael H. McGovern, defendants, in the Circuit Court of Cook county. From a judgment for plaintiff, defendants appeal.

TIMOTHY J. FELL, for appellants; HERMANN P. HAASE, of counsel.

O'DONNELL & TOOLEN, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 298*—*when order nunc pro tunc vacating judgment after term is void.* An order nunc pro tunc vacating and setting aside a judgment entered at a previous term, based entirely on the recollections of the judge as to what occurred on a day in the previous term, and without any note or memorial minute made by the judge at such time, is without jurisdiction and void.

2. APPEAL AND ERROR, § 962*—*when defect in record may not be supplied by reference to bill of exceptions.* Although where the recitals in the common-law record and the bill of exceptions are at variance the latter prevails, yet the rule cannot be extended so as to supply an order not appearing in the record, as where the record fails to show an order nunc pro tunc vacating a judgment rendered

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

at a previous term, and where the bill of exceptions shows that the judge entered such an order, but on his own recollections as to what took place at the previous term, and without any minute or memorial made by him authorizing the entry of such an order after the expiration of the term.

3. APPEAL AND ERROR, § 1793*—*when judgment in action against joint defendants reversed.* In an action against joint defendants, it is incumbent on plaintiff to establish the joint liability of all defendants, and where the record shows that as to one defendant plaintiff failed to make such proof, a judgment for plaintiff will be reversed.